**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANJAY PATEL; SANJAY, a California General Partnership,<br><br>            Plaintiffs-Appellants,<br><br>   v.<br><br>CITY OF SOUTH EL MONTE, a municipal corporation; DOES 1 through 10, inclusive,<br><br>            Defendants-Appellees. | No.   19-55149<br><br>D.C. No. 2:18-cv-04077-GW-SK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 19, 2020
Pasadena, California

Before:  EBEL,** WARDLAW, and HUNSAKER, Circuit Judges.

Appellants (collectively "Patel") operate a motel in South El Monte, California, located near the 60 Freeway.  Patel initiated this 42 U.S.C. § 1983 litigation after the City cited him three times for violating a longstanding City

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
      **     The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

ordinance prohibiting most outdoor businesses in a commercial zone, South El Monte Mun. Code § 17.14.200, and also for violating two interim ordinances, 1222-U and 1224-U, temporarily prohibiting automotive storage businesses within 500 feet of the 60 Freeway.

Accepting Patel's well-pled factual allegations as true and drawing all reasonable inferences from those facts in his favor, as we must in the context of a motion to dismiss, see Parents for Priv. v. Barr, 949 F.3d 1210, 1221 (9th Cir. 2020), petition for cert. filed, (U.S. July 23, 2020) (No. 20-62), the second amended complaint alleges that the City cited Patel both for vehicles the motel's overnight guests parked in the motel parking lot and for vehicles parked by truckers who were not overnight motel guests but who were storing their vehicles on the motel property.[1]

We review de novo the district court's decision to dismiss Patel's claims under Federal Rule of Civil Procedure 12(b)(6). See Parents for Priv., 949 F.3d at 1221. We turn now to the four claims that the district court dismissed that are at

---

[1] It is not clear from the limited record before us that the City was concerned about trucks belonging to overnight guests, but we cannot say, at this motion-to-dismiss stage, that Patel's allegations contradict the judicially noticed documents, including the "notice of violation" and the citations that the City issued Patel, because those documents are sufficiently vague. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). We expect this can be sorted out in discovery as it may become relevant to the takings claim which we are remanding, but for now we do not need to address that matter further.

2

issue on appeal.

## I. Takings claim

The district court dismissed this claim because Patel failed to allege that he first sought compensation in state court, as had previously been required by the Supreme Court in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S 172, 194 (1985).  That was legal error.  The Supreme Court's subsequent decision in Knick v. Township of Scott overruled Williamson's requirement that a takings claim first be exhausted in state court. 139 S. Ct. 2162, 2167-68 (2019).

However, Williamson had two holdings and Knick did not disturb Williamson's second holding, 139 S. Ct. at 2169—that "a takings claim challenging the application of land-use regulations [i]s 'not ripe until the government entity charged with implementing the regulations ha[s] reached a final decision regarding the application of the regulations to the property at issue,'" Pakdel v. City & Cty. of San Francisco, 952 F.3d 1157, 1163 (9th Cir. 2020) (quoting Williamson, 473 U.S. at 186).  Invoking Williamson's still-valid ripeness requirement, the City now argues that Patel's takings claim is not ripe because he never sought a hardship exemption available under the interim ordinances.[2]

---

[2] The City does not contend that there is any exemption or variance Patel could have sought to avoid application of the other ordinance he was charged with violating, South El Monte Mun. Code § 17.14.200.

However, because this ripeness rule is prudential, rather than jurisdictional, see id. at 1169, the City has waived it by not making this argument in the district court, see City of Oakland v. Lynch, 798 F.3d 1159, 1163 n.1 (9th Cir. 2015).  Therefore, we do not consider this argument.

The district court erred in dismissing Patel's takings claim because he failed first to seek compensation in state court, the only ripeness ground that the City asserted before the district court.  We, therefore, reverse the dismissal and remand the takings claim for further proceedings.

## II. Class-of-one equal protection

To prevail on a class-of-one equal protection claim at the motion-to-dismiss stage, Patel had to allege that he was "treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).  Here, Patel fails to allege that the City treated any similarly situated entities differently than him.  He alleges only that the City treated his motel differently than nearby service stations.  However, the nature of those businesses is qualitatively different from the nature of Patel's business under the express terms of § 17.14.200, and Patel has not alleged that these businesses, like him, also lacked a hardship exemption under 1222-U or 1224-U.  They are thus not comparable.

4

Thus, Patel has failed to allege that he was treated differently than other, similarly situated businesses. We, therefore, find no error in the dismissal of this claim, and we affirm that dismissal.[3]

### III. First Amendment retaliation

Patel alleged that the City retaliated against him for the exercise of free speech—his attorney speaking on Patel's behalf against the ordinances at a City Council meeting—by thereafter citing him for violating the municipal code and interim ordinances and telling him that he had to give up his conditional use permit to operate his motel in order to obtain a hardship exemption. Those allegations alone are insufficient to allege a plausible retaliation claim because there are "'obvious alternative explanation[s]' for [the] alleged misconduct." Capp v. Cty. of San Diego, 940 F.3d 1046, 1055 (9th Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 682 (2009)). The City had told Patel prior to his protected speech that it would cite him for violating the City ordinances if he did not stop violating them. Thus, an obvious explanation for the citations is that the City followed through on what it warned Patel it would do before he engaged in constitutionally protected

---

[3] Patel also asserted that the City, in enforcing the ordinances against him, was treating him differently from other motels in the City. But Patel failed to allege any facts to support that assertion in the second amended complaint and similarly failed adequately to argue that claim on appeal. Therefore, that claim is not adequately preserved and will not be considered.

speech.

Patel has failed to allege the "[s]omething more" needed here to support his retaliation claim, In re Century Aluminum Co. Secs. Litig., 729 F.3d 1104, 1108 (9th Cir. 2013), such as that, in taking the challenged action, the City treated Patel and his motel differently than similarly situated entities, see Capp, 940 F.3d at 1056-57; see also Nieves v. Bartlett, 139 S. Ct. 1715, 1727 (2019). Accordingly, we affirm the dismissal of his First Amendment claim.[4]

**IV. Procedural due process violation based on hearing officer's bias**

On this claim, Patel argues that he was deprived of procedural due process because the City hires and pays the hearing officer on an ad hoc basis.[5] The district court dismissed that claim because Patel could seek de novo review of the hearing officer's decision in state court. In this reasoning, the district court erred. The availability of a subsequent impartial de novo review is not a cure for a biased hearing examiner in the first instance. See Ward v. Vill. of Monroeville, 409 U.S.

---

[4] To the extent Patel is also asserting a First Amendment claim alleging that he was denied access to courts or administrative bodies, he has also failed to state such a claim adequately.

[5] Patel does not challenge on appeal the district court's rejection of his argument that he was also deprived of procedural due process because he had to deposit the full amount of the fine he faced with the City Clerk before he could pursue his administrative appeal. Nor does Patel reassert on appeal his contention that the hearing officer was actually biased against him because the hearing officer ruled against him. Thus, we do not address those arguments.

6

57, 61-62 (1972).

On the merits, Patel relies on the California Supreme Court's decision in Haas v. County of San Bernardino, 45 P.3d 280, (Cal. 2002). Haas held that "selecting temporary administrative hearing officers on an ad hoc basis and paying them according to the duration or amount of work performed" deprives litigants of an impartial decisionmaker. 45 P.3d at 283. Haas, which was a mandamus proceeding, applied federal law but is not controlling on us.

The United States Supreme Court has held that it "violates the Fourteenth Amendment and deprives a defendant . . . of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case." Ward, 409 U.S. at 60 (internal quotation marks omitted); see also Aetna Life Ins. Co. v. Lavoie, 475 U.S. 813, 821-22 (1986). In deciding whether the adjudicator has such an interest, the relevant question is "whether the . . . situation is one 'which would offer a possible temptation to the average man as a judge to forget the burden of proof required . . . or which might lead him not to hold the balance nice, clear, and true between the [government] and the accused.'" Ward, 409 U.S. at 60 (quoting Tumey v. Ohio, 273 U.S. 510, 532 (1927)).

Patel's second amended complaint fails to allege that the hearing officer here had a financial bias in the outcome of his case, as needed to meet this test.

Therefore, on this alternate ground, we affirm dismissal of this claim.

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.**[6]

---

[6] Each party shall bear their own costs.